UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION



FILED BY _____ D.C.

JAN 20 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

UNITED STATES OF AMERICA,
Plaintiff,

Case No.: 1:21-cr-20218-AHS(14)

v.

ANGEL LUIS TORRES GONZALEZ,
Defendant.

## DEFENDANT'S MOTION TO REMOVE OR, IN THE ALTERNATIVE, MODIFY CERTAIN CONDITIONS OF SUPERVISED RELEASE AND TO SET AN EARLY-TERMINATION REVIEW

Defendant-Movant Angel Luis Torres Gonzalez ("Movant"), proceeding pro se, respectfully moves under 18 U.S.C. § 3583(e)(2) and Fed. R. Crim. P. 32.1(c) for an order removing (or, alternatively, narrowing) certain special conditions of supervised release that are broader than necessary in light of Movant's current low-risk, stable circumstances and updated supervised-release policy effective November 1, 2025 (including new USSG §5D1.4). Movant further requests that the Court set an administrative 12-month review for potential early termination under 18 U.S.C. § 3583(e)(1) on or after October 10, 2026 (the first date Movant will have completed one year of supervision).

### I. BACKGROUND

1. On June 1, 2022, the Court sentenced Movant to 60 months' imprisonment followed by four years of supervised release on Count 8 (21 U.S.C. § 846).

2. Movant's term of supervised release began on October 10, 2025.

3. Jurisdiction over Movant's supervised release remains with the sentencing court, the United States District Court for the Southern District of Florida.

4. Movant is supervised in Lee County, Florida (within the Middle District of Florida) and reports to U.S. Probation Officer Brandon Sull.

5. This is Movant's first criminal case.

6. Movant has maintained long-term lawful employment. He has worked as a body/paint technician (hojalatero y pintor) at Exclusive Collisions for approximately seven years, including employment before his sentence. He returned to work immediately upon entering the residential reentry process and continues working there now.

7. Movant is married and has four children.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(2), the Court may modify, reduce, or enlarge conditions of supervised release at any time after considering the relevant 18 U.S.C. § 3553(a) factors. Any condition must be reasonably related to the purposes of supervision and involve "no greater deprivation of liberty than is reasonably necessary." 18 U.S.C. § 3583(d). Under Fed. R. Crim. P. 32.1(c), the Court may modify conditions without a hearing if the relief is favorable to the defendant and the government does not object; otherwise, the Court may set a hearing.

## III. ARGUMENT

A. Movant's circumstances support individualized, least-restrictive supervision.

Movant's supervision has been minimal, and he has stabilized his life with long-term employment and strong family responsibilities. To Movant's knowledge, he has had no new

arrests, no law-enforcement contacts, and no supervision violations since supervision began. Updated supervised-release policy effective November 1, 2025 emphasizes individualized assessment and encourages courts to tailor conditions post-release based on risk and need (including modification and, when eligible, early termination).

B. Removal (or narrowing) of certain special conditions is appropriate here.

Movant respectfully requests removal of the following special conditions because they are broader than necessary to deter future crime, protect the public, and support rehabilitation given Movant's stable employment, family ties, and low-risk supervision profile. If the Court declines removal, Movant requests that the conditions be narrowed as set forth below.

**Requested relief as to conditions:**

**1) Special Condition 1 (Financial Disclosure).**

Movant requests that the Court REMOVE this condition. The Judgment reflects no restitution and no fine, and Movant has stable lawful employment. If the Court declines removal, Movant requests that disclosure be limited to documents reasonably necessary to verify lawful income and compliance with any financial obligations, upon request and for good cause shown.

**2) Special Condition 2 (Permissible Search).**

Movant requests that the Court REMOVE this condition because it authorizes intrusive searches not tied to any specific individualized need in Movant's case. If the Court declines removal, Movant requests that the condition be modified to require reasonable suspicion and to clarify that any search must be conducted at a reasonable time and in a reasonable manner, and that searches

of electronic devices be limited to circumstances where there is reasonable suspicion that such devices contain contraband or evidence of a supervised-release violation.

**3) Drug Testing (Low-Risk Finding).**

Movant requests that routine testing be reduced and tailored to risk. Movant requests modification to: "The defendant shall submit to drug testing as directed by the probation officer," with routine testing suspended based on a finding of low risk unless the probation officer determines testing is necessary based on individualized assessment. Alternatively, reduce testing frequency to "as needed," with authority for the probation officer to increase testing if concerns arise.

C. The Court can set a practical 12-month review process for early termination (without deciding it now).

Early termination may be granted after one year of supervision under 18 U.S.C. § 3583(e)(1). Because Movant's supervision began on October 10, 2025, he will first be eligible on or after October 10, 2026. Movant does not ask the Court to decide early termination today. Instead, Movant requests an administrative order setting a review process: directing U.S. Probation to submit a short status report shortly before the one-year mark, and allowing Movant to file a short renewed motion for early termination at that time. This approach conserves judicial resources and encourages individualized decision-making based on post-release performance.

**IV. REQUESTED RELIEF**

For the reasons above, Movant respectfully requests that the Court:

1. Remove Special Conditions 1 and 2 as set forth in Section III(B), or, in the alternative, modify/narrow them as requested;
2. Modify the drug-testing condition as set forth in Section III(B)(3);
3. Direct U.S. Probation Officer Brandon Sull (or the supervising office) to file a brief compliance/risk report at approximately 11 months of supervision (around September 2026);
4. Set an administrative review date or status conference on or after October 10, 2026 for potential early termination under 18 U.S.C. § 3583(e)(1), and permit Movant to file a renewed motion at that time; and
5. Grant any other relief the Court deems just and proper.

## V. CERTIFICATION REGARDING CONSULTATION (IF APPLICABLE)

Movant has not yet obtained the positions of the government or U.S. Probation on this motion. Movant respectfully requests that the Court consider directing the parties to state their positions, or permit Movant to supplement the record after consultation with U.S. Probation Officer Brandon Sull and the assigned Assistant U.S. Attorney.

Respectfully submitted this 1-12-2026.

*[signature]*

s/ Angel Luis Torres Gonzalez

Angel Luis Torres Gonzalez, Pro Se

2009 Kismet Pkwy E.

Cape Coral, FL 33909

Email: deloris1911@gmail.com

Telephone: (941) 525-8087

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

UNITED STATES OF AMERICA,  Case No.: 1:21-cr-20218-AHS(14)

Plaintiff,

v.

ANGEL LUIS TORRES GONZALEZ,

Defendant.

### CERTIFICATE OF SERVICE

I, Angel Luis Torres Gonzalez, certify that on 1-12-2026, I served a true and correct copy of Defendant's Motion to Remove or, in the Alternative, Modify Certain Conditions of Supervised Release and to Set an Early-Termination Review, together with a proposed order, by depositing the same in the United States Mail, first-class postage prepaid, addressed as follows:

Office of the United States Attorney

Southern District of Florida

Fort Lauderdale Division

500 E. Broward Blvd.

Fort Lauderdale, FL 33394

Respectfully submitted this 1-12-2026.

s/ Angel Luis Torres Gonzalez

Angel Luis Torres Gonzalez, Pro Se

2009 Kismet Pkwy E.

Cape Coral, FL 33909

Email: deloris1911@gmail.com

Telephone: (941) 525-8087

Angel L. Torres
2009 Kismet Pkwy E.
Cape Coral Fl 33909

 

U.S. POSTAGE PAID
FCM LG ENV
CAPE CORAL, FL 33990
JAN 15, 2026

33301

RDC 99

$2.17

S2324D502993-22

Clerk of Court
United States District Court
Southern District of Florida
Fort Lauderdale Division
299 E. Broward Boulevard
Fort Lauderdale, Fl 33301